In re Joseph W. HERMAN and Emma
T. Herman, Debtors.

Joseph W. HERMAN and Emma T.
Herman, Plaintiffs,

v.

UNITED STATES of America, Department of the Treasury, Internal
Revenue Service, Defendants.

Bankruptcy No. BK–N–87–119–JHT.
Adv. No. 87–0104.

United States Bankruptcy Court,
D. Nev.

June 15, 1989.

Geoffrey Giles, Reno, Nev., for plaintiffs.

M. Alice Rowan, U.S. Dept. of Justice,
Tax Div., Washington, D.C., for defendants.

MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy
Judge.

This adversary proceeding is before the
court on the debtors' complaint to void the
priority tax assessment for 1981 and to
turnover the 1986 refund which was setoff
against the 1981 tax assessment. The complaint is based on the debtors' contention
that a deficiency notice was not sent to
their "last known address" as required by
26 U.S.C. § 6212.[1] The Internal Revenue
Service (IRS) moved to dismiss for failure

---

1. Section 6212(b)(1) states:
   (1) Income and Gift Taxes and Certain Excise
   Taxes. In the absence of notice to the Secretary under § 6903 of the existence of a fiduciary relationship, *notice of a deficiency* in respect of a tax imposed by subtitle A, chapter
   12, chapter 41, chapter 42, chapter 43, chapter
   44, or chapter 45, *if mailed to the taxpayer at*
   *his last known address, shall be sufficient* for
   purposes of subtitle A, chapter 12, chapter 41,
   chapter 42, chapter 43, chapter 44, chapter 45,
   and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the
   case of a corporation, has terminated its existence. (emphasis added.)

to state a claim upon which relief can be granted, or in the alternative, for summary judgment. The motion to dismiss or for summary judgment was denied on April 27, 1989, and the matter was tried the same day.

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and Local Rule 900. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper as the debtors reside and filed their petition in this district.

At the trial the parties stipulated to the admission of all of the documentary evidence. Testimony was taken from Mr. Herman, the parties argued the various points of law and the court took the matter under submission. The issue to be decided is whether, given the evidence submitted, the IRS sent the deficiency notice of April 12, 1985 to the debtors' "last known address."

The Ninth Circuit Court of Appeals has sought to give the IRS clear guidance in what it must do to ascertain the "last known address." *King v. Commissioner of Internal Revenue*, 857 F.2d 676, 680 (9th Cir.1988); *United States v. Zolla*, 724 F.2d 808, 811 (9th Cir.), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). The starting point is the address on the most recently filed tax return. In this case the 1983 return is the most recently filed tax return. The 1984 return was signed and presumably mailed April 15, 1985 (the day it was due if no extension was granted). However, the Reno District Revenue Office mailed the deficiency notice on April 12, 1985, at least two days prior to the presumed mailing of the 1984 return.

■ Although earlier cases, *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir.1982), and cases in other circuits, *Mulder v. Commissioner of Internal Revenue*, 855 F.2d 208, 211 (5th Cir.1988) have considered events after mailing of the notice, *King* specifically addressed the duty of the IRS after mailing of the notice.

Under I.R.C. § 6212(b), validity of the notice turns on whether the IRS used the last known address when the notice was *mailed*. Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received. *Wallin* [*v. Commissioner of Internal Revenue*], 744 F.2d [674] at 676 [ (9th Cir.1984) ]. Consequently, we do not believe that *Cool Fuel* imposes a duty of reasonable diligence beyond the time that the notice is mailed.

*King*, 857 F.2d at 681 (emphasis in original.) The fact that the 1984 returns were filed shortly after the notice was sent, or that the notice itself was returned to the IRS as undeliverable, is irrelevant to the question of whether the IRS mailed the deficiency notice to the "last known address."

In this case, mailing the deficiency notice to the 1983 tax return address would be required unless the Hermans had, subsequent to the filing of the 1983 return, communicated "clear and concise" notice of a change of address. *King*, 857 F.2d at 680.

■ Mr. Herman sent a letter to the Reno office dated October 26, 1984, that stated in part:

*Initially:* please note I have moved, and my correct address is as noted above. (J.W. Herman, 2323 Woodlawn, Ave., Apt 121, Wichita, Kansas. 67220) ... Understand I will only coo"perate [sic] with an intelligent attorney in your *I.R.S.* office, here in Wichita.

This letter was received by the IRS on October 31, 1984 and is the "clear and concise" notice of a change of address that is required. It clearly indicates that the new address is to replace the former address and that the former address is no longer to be used. *King*, 857 F.2d at 681. After receipt of this letter, the IRS was required to substitute the new Kansas address for the Reno address from the 1983 tax return as the "last known address."

Whether this substituted address could be supplanted by the 1984 tax return address does not need to be decided as the 1984 returns were received after the defi-

ciency notice was mailed. However, whether other types of notice can and did supplant the letter of October 26, 1984 must be decided.

Mr. Herman testified that he mailed a change of address card supplied by the Post Office to the IRS sometime in November of 1984. He seeks to corroborate this act by showing that a change of address was given to the Post Office in Kansas and that his mail was forwarded from Kansas to Reno before, during and after the mailing of the deficiency notice.

The IRS, however, had no record of receipt of this change of address card and it continued to use the Kansas address. If the IRS actually received this notice of change of address, then the new address given would become the new "last known address."

Mr. Herman's testimony raises a difficult issue of evidence. Clearly, evidence of notice given by a taxpayer is relevant to determine whether the IRS used "reasonable diligence" in ascertaining the "last known address" even though the notice is for some reason not logged into the IRS files. The IRS has the responsibility of maintaining reasonable files as part of its duty of "reasonable diligence." Further, there is a strong presumption in the law, despite the inconsistencies shown in this case, that a properly addressed letter will be delivered to the addressee. *Zenco Engineering Corp. v. Commissioner*, 75 T.C. 318, 323 (1980).

However, if mere testimony from the taxpayer is sufficient to prove that a change of address notice was mailed to the IRS, the word "known" in the term "last known address" would become meaningless. The inability of the IRS to prove that a change of address notice was *not* sent would require the IRS to prove that the delinquency notice was actually received. For the taxpayer to meet his burden of proof, that he mailed a change of address notice to the IRS and that the IRS received

it, he must demonstrate more than his own testimony. Showing that a change of address was given to the Post Office does not sufficiently corroborate Mr. Herman's testimony in this case.

Mr. Herman has also shown that an envelope mailed by the IRS to him at the Kansas address was returned to the IRS prior to the mailing of the deficiency notice. The envelope is clearly marked that it was returned to the IRS on January 14, 1985 and that it was received by the IRS on January 16, 1985. The Hermans' name was blocked out and "moved return to sender" was written on the envelope.

The Ninth Circuit opinions, *King, Cool Fuel*, and *Wallin*, indicate that a returned letter is evidence to be considered when determining if the IRS has used "reasonable diligence" in determining the "last known address." In *Wallin*, the court stated that "[t]he four letters returned . . . as undeliverable certainly provided the IRS with notice of the fact that Wallin had moved." *Wallin*, 744 F.2d at 676.[2]

In this case, the one returned letter must be weighed against a subsequent IRS report dated January 16, 1985, and mailed to the Hermans at the Kansas address. Mr. Herman responded to this report with a letter dated February 4, 1985, which was mailed at Reno on February 5, 1985, and received by the IRS on February 7, 1985. The letter itself contains no return address and does not indicate that the IRS should substitute the Reno address for the Kansas address. It must be presumed that the report was forwarded from the Kansas Post Office to the Hermans in Reno. Of course, the IRS would have had no way of knowing of the forwarding to Reno. Further, Herman's reply letter was mailed in an envelope that contained the return address: J.W. Herman, Wichita, Kan. 67220. Mr. Herman testified that the envelope was probably prepared when he still lived in Kansas and was sent inadvertently after he returned to Reno to conserve the envelope

2. Whether one returned letter gives the same notice as four returned letters need not be decided for this case. However, even one returned letter is clearly evidence that must be weighed in determining whether the IRS used "reasonable diligence" in determining the "last known address."

and stamp. Assuming this to be true, the IRS would still have had no way of knowing that the return address was in error.

When the deficiency notice was mailed on April 12, 1985, the IRS had "clear and concise" notice that the Hermans wished the Kansas address to be used instead of the address on the last tax return filed. The IRS also knew that a letter it mailed to the Kansas address had been returned on January 16, 1985 and was marked "moved return to sender." The IRS also knew that its subsequent report dated January 16, 1985 and mailed to the Kansas address had been received. Finally, the IRS knew that Mr. Herman had responded to the report mailed to Kansas and that his response contained no indication that the wrong address had been used. In fact, the envelope indicated a partial Kansas address as the return address.

Extra efforts, such as a computer search or contact of local authorities, are not required in this case because the IRS's last correspondence to the debtor, prior to the deficiency notice, was received and the IRS knew that it had been received. Extra efforts to locate the taxpayer can only be reasonably expected of the IRS in cases where it has notice that the address it is using is not effective. *King*, 857 F.2d at 681 n. 8.

The IRS used the address which the Hermans demanded it use in the October 26, 1984 letter, and which it knew was effective for its report mailed on January 16, 1985. Mr. Herman on the other hand, failed to notify the IRS that it was using the wrong address in his letter mailed on February 5, 1985, well after the Post Office notice of change of address may have been sent. The IRS was justified in relying on the Kansas address indicated on the February 5, 1985 envelope. This court concludes that the IRS mailed the deficiency notice to the "last known address."

The Hermans have also raised the issue of notice to Mrs. Herman since she never moved from the Reno address. However, 26 U.S.C. § 6212(b)(2) states:

> In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

The 1981 tax return was a joint tax return filed by the Hermans as husband and wife. The evidence submitted by the Hermans does not indicate that they gave notice to the IRS that separate residences had been established. Therefore, the single joint notice, sent to the Kansas address, was proper as notice to both Mr. and Mrs. Herman.

The second prayer for relief requests that a setoff against the 1986 refund be avoided as a post petition preference. Despite the 1986 return being filed post petition in 1987, the overpayment by the Hermans occurred in 1986 and became payable to them on December 31, 1986. Since the 1986 refund was due December 31, 1986, and the debt for the 1981 taxes was due December 31, 1981, both the right to a refund and the debt arose pre-petition and the setoff was proper. 11 U.S.C. § 553(a); LR 960(b).[3]

The foregoing shall constitute the Findings of Fact and Conclusions of Law, pursuant to Bankruptcy Rule 7052. Each party is to bear their own costs and attorney's fees.

IT IS HEREBY ORDERED that judgment shall be entered in favor of the defendants. Let Judgment be entered accordingly.

---

**3.** Local Rule 960(b) states:

(b) Unless otherwise ordered by the court, the automatic stay pursuant to 11 U.S.C. § 362 is automatically modified to allow the Internal Revenue Service to process voluntarily filed tax returns and make refunds in the ordinary course of business to debtors who have filed cases in this district. The Internal Revenue Services is also authorized to offset against any refunds due a debtor any taxes due the United States Government.