891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur TUVERSON, Cynthia Tuverson, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 89-70174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Internal Revenue Service (IRS) must give notice to the taxpayer before it may assess or collect any deficiency. 26 U.S.C. § 6213(a). The taxpayer may, within 90 days after the mailing of the notice, petition the Tax Court for redetermination of the deficiency. 26 U.S.C. § 6213(a). A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's "last known address." I.R.C. § 6212(b)(1); King v. CIR, 857 F.2d 676, 680 (9th Cir.1988).
 
 
 3
 Recently, this circuit has restated what comprises a taxpayer's "last known address":
 
 
 4
 We recognized in [ United States v. Zolla, 724 F.2d 808 (9th Cir.1984) ] that 'the IRS must have clear guidance as to what information it must examine in determining a taxpayer's last known address.' 724 F.2d at 811. Our adherence to this circuit's bright-line rule is intended to provide such guidance. By establishing a presumption that the taxpayer's "last known address" is the address on his/her most recent return, we provide a clear starting point for the IRS' determination. A notice of deficiency mailed to that address will be sufficient, unless the taxpayer subsequently communicates "clear and concise" notice of a change of address.
 
 
 5
 King, 857 F.2d at 680. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982) (subsequently filed quarterly tax returns provided the IRS with notice of the taxpayer's last known address).
 
 
 6
 The dicta in King relied upon by the government is not to the contrary. See 857 F.2d at 681. It simply stands for the proposition that the IRS need not take additional steps to effectuate delivery if the notice is returned, but only if the IRS mailed the notice of deficiency to the last known address: the address shown on the most recent return.
 
 
 7
 Because the IRS failed to send the notice of deficiency to the appellant's last known address shown on the April 15, 1986 tax return, we reverse and remand the judgment entered by the Tax Court in favor of the Commissioner of Internal Revenue.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3