972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
G. West MUNZ; Anne C. Munz, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70561.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 20, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 G. West Munz and Anne C. Munz appeal pro se the tax court's decision affirming the Commissioner of Internal Revenue's ("CIR") determination of a deficiency and additions to tax for tax year 1983. The Munzs contend that the tax court erred by finding that the CIR mailed the notice of deficiency within three years of the Munzs' filing of their 1983 federal income tax return as required by 26 U.S.C. § 6501(a). We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the tax court's finding of fact under the clearly erroneous standard. See King v. Commissioner, 857 F.2d 676, 678 (9th Cir.1988).
 
 II
 Statute of Limitations
 
 5
 Generally, taxes must be assessed within three years from the date a return is "filed." See 26 U.S.C. § 6501(a); Edwards v. Commissioner, 680 F.2d 1268, 1269 (9th Cir.1982). The three-year statute of limitations time period is suspended when the taxpayer is issued a statutory notice of deficiency by registered or certified mail. See 26 U.S.C. §§ 6503(a), 6212(a).
 
 
 6
 Here, the Munzs' 1983 tax return was received by the appropriate Internal Revenue Service ("IRS") District Office on June 17, 1985 and filed on June 20, 1985.[1] The Munzs contend that for purposes of the three-year statute of limitations period, their 1983 tax return should deemed filed on June 12, 1985, the date they claim to have mailed it to the CIR. This claim lacks merit. Pursuant to 26 U.S.C. § 7502(a), a taxpayer's return sent by domestic United States mail may be deemed to have been filed on the date of the postmark. See 26 U.S.C. § 7502(a). Section 7502(a), however, only applies to returns that are timely filed. See 26 U.S.C. § 7502(a)(2)(A)(i). Here, the record is clear--and the Munzs concede--that the return was filed late. Moreover, the Munzs stipulated as to the filing date of June 20, 1985. Given these circumstances, the tax court was not clearly erroneous in determining that the Munzs' 1983 tax return was filed on June 20, 1985.[2] Accordingly, if the CIR sent the Munzs a notice of deficiency by certified mail on or before June 20, 1988, the CIR's assessment is not barred by the statute of limitations. See 26 U.S.C. §§ 6501(a), 6503(a) & 6212(a) (statute of limitations is suspended when a notice of deficiency is sent to taxpayers by registered or certified mail).
 
 
 7
 Here, the CIR offered probative evidence that the notice of deficiency had been sent on June 13, 1988. This evidence included a certified mail list and other documents indicating that the Munzs were sent a notice of deficiency by certified mail on June 13, 1988. In addition, IRS and Postal Service employees testified as to IRS and Postal Service procedures relating to the mailing of notices and identified the notations on the certified mail list indicating that the notices had been properly sent. Given this credible and probative evidence, the tax court was not clearly erroneous in finding that the notice of deficiency had been sent by certified mail to the Munzs on June 13, 1988. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984). Moreover, none of the discrepancies in the procedure or in the list cited by the Munzs on appeal demonstrate that the tax court's finding as to the date was clearly erroneous. See United States v. Carter, 906 F.2d 1375, 1377 (9th Cir.1990) (statute of limitations is an affirmative defense which the taxpayer bears the burden of pleading and proving); King, 857 F.2d at 681.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Treasury regulations provide that the place for filing individual tax returns is the District Office where the taxpayer's legal residence is located. See Treas.Reg. § 1.6091-2(a)(1). Here, it is the Laguana Niguel District Office
 
 
 [2]
 Because the tax court properly found that the CIR mailed the notice of deficiency to the Munzs on June 13, 1988 and because June 12, 1988 was a Sunday, extending the time for mailing the notice of deficiency until Monday, June 13, 1998, the CIR still would not be barred from assessing tax liability against the Munzs for tax year 1983, even if we were to find that the return had been filed on June 12, 1985