977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David L. TOMLINSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36156.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Tomlinson appeals pro se the district court's summary judgment for the United States in Tomlinson's action seeking damages under 26 U.S.C. §§ 7431 and 7433 for unauthorized disclosure of his tax information and unauthorized collection actions by the Internal Revenue Service ("IRS") in its attempt to collect taxes from Tomlinson for the tax years 1982 through 1984. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 
 4
 Tomlinson contends that the IRS' disclosure of his return information and its tax collection actions were unauthorized because the IRS failed to send notices of deficiency to his last known address as required by 26 U.S.C. §§ 6212 and 6303(a).
 
 
 5
 Section 6103 of the Internal Revenue Code provides that income tax returns and return information are confidential. 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. § 7431; Maisano, 908 F.2d at 410. Section 6103(k)(6), however, authorizes the IRS to disclose return information if necessary for the collection of tax liability. 26 U.S.C. § 6103(k)(6)
 
 
 6
 Section 7433 provides a civil cause of action for damages for the reckless or intentional disregard of any provision of the Internal Revenue Code or any regulation promulgated thereunder by officers or employees of the United States. 26 U.S.C. § 7433.
 
 
 7
 The IRS must send a notice of deficiency to the taxpayer's last known address before it may assess or collect most income tax liabilities. 26 U.S.C. § 6213(a). "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS clear and concise notice of a change of address." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) cert. denied, 469 U.S. 830 (1984). If the address on the most recent return is to be replaced, the taxpayer must clearly indicate that the former address must no longer be used. King v. Commissioner, 857 F.2d 676, 681 (9th Cir.1988). The IRS has no duty of reasonable diligence to ascertain a taxpayer's correct address beyond the time that the notice of deficiency is mailed. Id. Thus, if the notice of deficiency is mailed to the taxpayer's last known address and is returned, the IRS is not obligated to take additional steps to effectuate delivery. Id.
 
 
 8
 Here, the IRS mailed the notices of deficiency to the address on Tomlinson's most recent tax return filed in 1981. The notices were returned to the IRS as undeliverable with Tomlinson's new address stamped on the envelope. Tomlinson argues that the return of the deficiency notices as undeliverable constituted clear and concise notice of a change of address obligating the IRS to resend the notices. We disagree. Absent clear and concise notice from Tomlinson of a change of address, the IRS properly mailed the notices to Tomlinson's last known address, and had no obligation subsequent to this mailing to effectuate delivery. See id. Furthermore, regardless of whether Tomlinson received the notices of deficiency, any disclosures of his return information were made in connection with an attempt to collect his tax liability. Thus, the disclosures were authorized by section 6103(k)(6). See 26 U.S.C. § 6103(k)(6); Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992); Maisano, 908 F.2d at 410. Accordingly, because there was no unauthorized disclosure of Tomlinson's return information, nor reckless or intentional disregard of tax laws, the district court did not err by granting summary judgment for the United States.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3