SANDRA MARTIN, A.K.A. SANDRA BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin
Docket No. 6653-92
United States Tax Court
T.C. Memo 1992-714; 1992 Tax Ct. Memo LEXIS 757; 64 T.C.M. (CCH) 1529; December 16, 1992, Filed An order of dismissal for lack of jurisdiction will be entered. For Petitioner: Folger Brink. [1]
For Respondent: Michael E. Hara. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [2] This Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE CHIEF SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file a timely petition pursuant to section 6213(a). In her objection to respondent's motion, petitioner contends that *758 the notice of deficiency was not sent to her last known address. The issues for decision are: (1) Whether the petition was timely filed, and (2) whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section 6212(b). In a notice of deficiency dated March 15, 1991, respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $ 2,354,350 and an addition to tax pursuant to section 6653(b) in the amount of $ 1,177,175. FINDINGS OF FACT At the time of the filing of the petition herein, petitioner Sandra Martin resided in Greenwich, Connecticut. As of March 15, 1991, the date the notice of deficiency was mailed, petitioner had been married for several years to Kenneth A. Martin. In years prior to 1991, petitioner had always filed her individual Federal income tax returns using her maiden name, Sandra Brown. Petitioner filed her returns for prior years as "married filing separate return" and listed, in the appropriate space, the name and social security number of her husband. Between 1989 and 1992, petitioner resided at the following locations: Prior to May 1989, 5 Creek Ridge Road, Bayville, N.Y. 11709
*759 From June 1989 to May 1990, 229 Purchase Street, Rye, N.Y., 10580 From May 1990 to October 1990, 199 Ivy Hill Crescent, Ryebrook, N.Y. 10573 From October 1990 to May 1991, [3] 13 Waters Edge, Rye, N.Y. 10580 From June 1991 to Present, 633 Steamboat Road, Greenwich, Ct. 06830 At the time the deficiency notice was mailed (March 15, 1991), petitioner's most recently filed return was for the tax year 1989 (filed on or before April 15, 1990). On that return, petitioner's name and address are listed as: Sandra Brown, 229 Purchase Street, Rye, New York, 10580 On May 19, 1990, petitioner and her husband advised the U.S. Postal Service of their move from Purchase Street to Ivy Hill Crescent by filling out a U.S. Postal Service Form 3575 (change of address order form). Only Kenneth A. Martin's name is listed on the Form 3575. Petitioner did not place her name on the form, nor did she complete a separate form which was available for an individual who receives mail under more than one name. *760 From 1989 through the early part of 1990, petitioner was in contact with Internal Revenue Service (IRS) Appeals Officer Joseph F. Socha. Appeals Officer Socha was responsible for considering petitioner's disagreement with the initial determination made by the IRS. He is also listed as the contact person on the March 15, 1991, notice of deficiency. Petitioner was also in contact with the IRS Collection Division on several occasions. In 1988 she received two IRS Forms 668-F (Notice of Federal Tax Lien) which pertain to an unrelated investigation of one of her former companies. The forms were addressed to petitioner as "Sandra Brown a.k.a. Sandra Martin" and sent to her at a Locust Valley, New York, address in February 1988, and April 1988. Petitioner later received a final Notice of Intention to Levy, dated November 27, 1991, concerning the payment of an outstanding income tax liability for 1978. This notice was mailed to petitioner's address at P.O. Box 1190, Portchester, N.Y. 10573. Soon after the receipt of this notice, petitioner was in contact with Agent Tabakman of the Collection Division. As previously indicated, respondent sent a notice of deficiency, by certified *761 mail, to petitioner "Sandra Brown" at the 229 Purchase Street address. [4] Since petitioner no longer lived at that address and the U.S. Postal Service change of address form referred only to Kenneth A. Martin, the notice was returned to the IRS was unclaimed. Petitioner did not receive the original notice of deficiency. [5] She received a copy of the notice of deficiency in January 1992. Petitioner filed her petition in this case on March 30, 1992, which date is more than one year after the original notice of deficiency was mailed. OPINION It is well settled that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). *762 The requirements for issuing a valid notice of deficiency are set forth in section 6212. In particular, section 6212(b)(1) states that mailing the notice to the taxpayer's last known address is sufficient. The notice of deficiency is valid even if it is not received by the taxpayer as long as it was mailed to the taxpayer's "last known address". King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). In Abeles v. Commissioner, 91 T.C. 1019 (1988), we held that a taxpayer's "last known address" is that address shown on his most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, supra at 1035. The responsibility of providing adequate notice of a change of address rests with the taxpayer. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985), affg. an unreported Order of Dismissal of this Court. Respondent contends that this Court lacks jurisdiction because the petition *763 was untimely. Petitioner contends that the petition was timely, and, therefore, this Court has jurisdiction. Petitioner asserts that she filed her petition in March 1992 in response to the copy of the notice of deficiency that was sent to her in January 1992. According to petitioner, the original notice of deficiency is invalid because it was not mailed to her "last known address". In this regard, petitioner argues that, at the time the notice of deficiency was issued, she resided at 13 Waters Edge, Rye, New York, with her husband. Petitioner argues that respondent should have been aware of this address based upon Kenneth A. Martin's 1990 Federal income tax return, filed March 25, 1991, which reflects the Waters Edge address and also reflects petitioner's social security number. Petitioner did not submit to the IRS any written notice of her intent to change her name and/or address. See, e.g., Brown v. Commissioner, 78 T.C. 215, 218-219 (1982). The fact that a taxpayer completes a Form 3575 for the U.S. Postal Service is not sufficient to constitute clear and concise notice to respondent. Selman v. Commissioner, T.C. Memo. 1991-122. *764 In any event, the Form 3575 that petitioner and her husband completed reflected only the husband's name. However, petitioner claims that she orally advised Appeals Officer Socha of the use of her married name. Petitioner contends that this constitutes sufficient notification to the IRS of a change of address. This Court has held that oral notification of a change of address, clearly proved, is sufficient. Mollet v. Commissioner, 82 T.C. 618, 625-626 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Westphal v. Commissioner, T.C. Memo. 1992-599. However, a review of the record indicates that petitioner has failed to carry her burden of proof that such a clear and concise notice of change was given to respondent's agent. The IRS's administrative file relating to petitioner fails to reflect any notation which would indicate that Appeals Officer Socha was made aware of a such a change. [6] Under these circumstances, we do not believe that petitioner gave any oral notification to respondent of a change of address. *765 Petitioner also argues that respondent should have been aware of the changes of address through the dealings petitioner had with the Collection Division of the IRS. In particular, petitioner refers to: (1) The two IRS Forms 668-F (Notice of Federal Tax Lien) sent to petitioner at a Locust Valley, New York, address in February 1988, and April 1988, and (2) her dealings with Agent Tabakman subsequent to her receipt of the final Notice of Intention to Levy mailed to her post office box in Portchester, N.Y., on November 27, 1991. Petitioner argues that respondent was aware of the use of her married name because the IRS addressed the Forms 668-F to petitioner in the name of "Sandra Brown a.k.a. Sandra Martin". We do not agree with petitioner. It has been held that correspondence with the IRS, especially concerning an unrelated matter, bearing an address different from that on the most recent return does not, by itself, constitute clear and concise notice of a new address. King v. Commissioner, 857 F.2d at 681. In order to supplant the address on his or her most recent return, the taxpayer must clearly indicate that the former address is no longer to *766 be used. See Tadros v. Commissioner, supra at 92; Pritchett v. Commissioner, T.C. Memo. 1986-559. Furthermore, in McComb v. Commissioner, T.C. Memo. 1991-233, affd. without published opinion    F.2d     (5th Cir., Oct. 21, 1992), we decided that "address" refers to the place of delivery and not the name of the addressee. As in McComb v. Commissioner, supra, we reject petitioner's argument that respondent failed to satisfy the requirements of section 6212(b) by mailing the deficiency notice to "Sandra Brown" rather than "Sandra Brown a.k.a. Sandra Martin". See also Wisdom v. Commissioner, T.C. Memo. 1991-327. We also disagree with petitioner's contention that the information possessed by Agent Tabakman of the Collection Division placed the IRS on notice of a different address.[7] This argument is faulty because the notice of deficiency was mailed in March 1991, while the agent's contact with petitioner occurred some 8 months later. We can only look to respondent's knowledge of events occurring prior to the *767 issuance of the notice of deficiency. See King v. Commissioner, supra at 681; Monge v. Commissioner, 93 T.C. at 33. Respondent was therefore justified in relying upon the address reflected on petitioner's most recently filed return (229 Purchase Street). As a final argument, petitioner contends that respondent failed to perform a diligent search for her most recent address. Although the IRS is entitled to rely on the address appearing on the taxpayer's most recently filed return, the IRS is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address if it is notified of a change of address. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), *768 affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Abeles v. Commissioner, 91 T.C. at 1031. Kenneth A. Martin filed his 1990 Federal income tax return on March 25, 1991. Petitioner's Social Security number is listed in the space provided for the secondary (spouse's) number. Kenneth A. Martin's tax return had not been filed with the IRS at the time the notice of deficiency was mailed to petitioner on March 15, 1991; therefore, it was not available to assist respondent's agents in determining petitioner's last known address.[8] Petitioner suggests, however, that respondent should have done a computer search, using her social security number, after the notice of deficiency was returned unclaimed. Once the deficiency notice is mailed to the taxpayer's "last known address" the IRS is not obligated to take additional steps to effectuate delivery if the notice is returned. Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989); King v. Commissioner, supra at 681; Monge v. Commissioner, 93 T.C. 22, 33 (1989). Thus, *769 petitioner's argument that a subsequent computer search would have revealed a different address is not relevant to our inquiry herein. We conclude that respondent sent the deficiency notice for the taxable year 1978 to petitioner's last known address. Thus, the deficiency notice herein is valid. Because the petition was not timely filed within the meaning of section 6213(a), respondent's motion to dismiss for lack of jurisdiction will be granted. An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Attorney Folger Brink did not appear at the hearing; however, petitioner appeared pro se.↩
2. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner's additional mailing address in 1991 was the following: P.O. Box 1190, Portchester, N.Y. 10573↩
4. Respondent also sent a duplicate original notice of deficiency to petitioner at the 5 Creek Ridge Road address.↩
5. The record does not reflect whether the duplicate original sent to the Creek Ridge Road address was returned to the IRS undelivered.↩
6. We left the record open to allow petitioner an opportunity to review the administrative file. Petitioner did not supplement the record with any additional evidence indicating that the IRS was on notice of a change of address.↩
7. Petitioner testified that in Nov. 1991, IRS Agent Tabakman of the Collection Division contacted her. According to petitioner, the agent was not only able to locate petitioner at her Steamboat Road address but was also able to list her prior address at the post office box in Portchester, N.Y.↩
8. Even had this return been available, an issue exists whether it would have been appropriate for respondent's agents to consider the address used by petitioner's husband on his separately filed return. The situation here is not that of a taxpayer who files a separate return and subsequently files a joint return in later years. See Taylor v. Commissioner, T.C. Memo. 1988-152↩.