122 F.3d 1073
 80 A.F.T.R.2d 97-6380, 97-2 USTC P 50,647
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladimir PILJAK, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 96-16681.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-02460-VWR; Vaughn R. Walker, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vladimir Piljak appeals pro se the district court's summary judgment in favor of the Internal Revenue Service ("IRS") in his action seeking a redetermination of his 1990 federal income taxes. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo both the district court's grant of summary judgment and its determination of subject matter jurisdiction. See Blackburn v. United States, 100 F.3d 1426, 1429 (9th Cir.1996). We review the denial of leave to amend for an abuse of discretion. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 A. Subject Matter Jurisdiction
 
 4
 Piljak contends the district court erred by concluding that it lacked subject matter jurisdiction over his action for a redetermination of his 1990 federal income taxes. We disagree.
 
 
 5
 Where, as here, a taxpayer has failed to petition the United States Tax Court for a redetermination of his or her tax deficiency within ninety days after the IRS mailed the notice of deficiency, see 26 U.S.C. § 6213(a), the taxpayer must pay the assessment in full and file a claim for a refund with the IRS prior to commencing an action in federal court, see 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 177 (1960). Here, it is undisputed that Piljak did not pay the assessment in full and file a claim for a refund with the IRS prior to commencing his action in federal court. Accordingly, the district court properly concluded that it lacked subject matter jurisdiction over Piljak's action. See 26 U.S.C. § 7422(a); cf. Thomas v. United States, 755 F.2d 723, 729 (9th Cir.1985).
 
 
 6
 Piljak maintains that he did not receive notice of the deficiency. However, a notice of deficiency is valid even if not received by the taxpayer where it was mailed to the taxpayer's last-known address. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988). Here, the IRS mailed the notice of deficiency to Piljak's last-known address.[1] Accordingly, service of the notice was valid. See id. at 679.
 
 B. Leave to Amend
 
 7
 Piljak contends the district court abused its discretion by denying his request for leave to amend his complaint to allege claims under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Administrative Procedures Act ("APA") on the ground that amendment would be futile. This contention lacks merit. First, actions taken by the IRS in connection with a federal tax assessment will not support a Bivens claim. Cf. Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990). Second, the APA does not provide a basis for review of Piljak's tax liability. See Hughes v. United States, 953 F.2d 531, 537 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the dispute below concerned whether the IRS mailed the notice of deficiency to Piljak's last-known address, Piljak now argues that the IRS failed to send the notice to any address. However, we generally do not consider arguments raised for the first time on appeal. See Speck v. United States, 59 F.3d 106, 109 (9th Cir.1995)