133 F.3d 926
 81 A.F.T.R.2d 98-499, 98-1 USTC P 50,165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johanna C. FOX, aka Johanna C. Wiener, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-16758.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Jan. 7, 1998.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johanna Fox sued in district court to obtain a refund of federal income taxes and additions thereto for the tax years 1982 and 1983. On cross motions for summary judgment, the district court held that it lacked jurisdiction because Fox never converted the partnership items she contests into nonpartnership items which she can challenge individually. See I.R.C. § 7422(h). Fox argues on appeal that the IRS failed to provide notice of the final partnership administrative adjustment (FPAA) because it did not send the notice to her new address.[1]
 
 
 3
 The IRS must notify named partners about the FPAA. If the IRS fails to provide notice to a named partner within the applicable time period, that partner may elect to have the partnership items treated as nonpartnership items. See I.R.C. § 6223(e). When mailing notice of the FPAA, the IRS must use the information provided on the partnership return, unless it receives additional information from the tax matters partner or another person in accordance with the regulations. See I.R.C. § 6223(c)(1), (2). The IRS will consider additional information only if it is submitted in writing to the IRS at least 313 days before the notice of FPAA is mailed to the tax matters partner. See Temp. Treas. Reg. § 301.6223(c)-1T(b)(1).[2]
 
 
 4
 The statement provided must: (1) identify the partnership, the partners for whom the information is supplied, and the name, address, and taxpayer identification number of the person supplying the information; (2) state that the information is submitted to correct or supplement earlier information about the partners in the partnership; (3) specify the taxable year to which the information relates; (4) set out the corrected or additional information; and (5) be signed. See Temp. Treas. Reg. § 301.6223(c)-1T(b)(3). The statement must be filed with the service center where the partnership return was filed, unless the person filing the statement knows that the notice of the beginning of administrative proceeding has already been mailed to the tax matters partner. See Temp. Treas. Reg. § 301.6223(c)-1T(b)(2). In that case, the additional information shall be sent to the IRS service center that mailed the notice. See id. Finally, the statement cannot incorporate by reference additional information that appears in documents previously furnished to the IRS. See Temp. Treas. Reg. § 301.6223(c)-1T(c).
 
 
 5
 Fox moved from Long Beach, California to Auburn, California in 1985. In 1986, the IRS District Office at Laguna Niguel sent a questionnaire regarding the partnership to Fox's Long Beach address. When Fox returned the questionnaire, she marked out the Long Beach address on the IRS cover letter and wrote in her Auburn address. In 1987, the IRS mailed notice of the FPAA to the old Long Beach address.
 
 
 6
 Fox argues that the IRS failed to provide adequate notice because it did not send notice of the FPAA to her new Auburn address. She argues that by writing in her Auburn address on the cover letter she returned to the IRS, she substantially complied with Temp. Treas. Reg. § 301.6223(c)-1T(b). Even assuming that substantial compliance is the applicable standard, Fox's correction of the address on the questionnaire is not enough. Fox failed to provide her taxpayer identification number (or social security number) and failed to sign the statement or otherwise indicate that the correction was an official request to change her notice address. She also sent the letter to the wrong service center The regulations provide that change of address information must normally be filed with the office which handles the partnership return (not Fox's individual return). See Temp. Treas. Reg. § 301.6223(c)-lT(b)(2), (3). While these omissions may seem trivial, in effect Fox would have us require the IRS Agent who received the returned cover letter to somehow figure out that Fox was officially changing her partnership return address, hunt down the relevant partnership information, and send the information along to the correct IRS center. This would also risk changing Fox's notice address when she did not intend to do so. The law places these administrative burdens on the taxpayer, not the IRS, and it aims to Eliminate the uncertainty associated with informal notifications. We see no reason to relax the statutory requirements in this case.[3] See generally Walthall v. United States, No. 96-35237, slip op. 13791, 13807-09 (9th Cir. Nov. 19, 1997).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Fox does not contest the merits of the adjustment. Rather, she argues that the adjustment was not made within the applicable statute of limitations. Because we conclude the district court properly dismissed the case for lack of jurisdiction, we need not consider the statute of limitations question
 
 
 [2]
 To the extent Fox argues that Temp. Treas. Reg. § 301.6223(c)-1T is inapplicable, her claim is waived because she raises it for the first time in her reply brief See Sanchez v. City of Santa Ana, 913 F.2d 424, 430 (9th Cir.1990)
 
 
 [3]
 We reject Fox's contention that the IRS had a duty of reasonable diligence to locate her new address. I.R.C. § 6223 was enacted to streamline the partnership audit process, including the process of providing notice to partners. The statute specifically delineates the duties imposed on the IRS. Cf. King v. CIR, 857 F.2d 676, 681 (9th Cir.1988) (validity of notice of deficiency turns on whether last known address was used, so no duty to make sure deficiency notice delivered if subsequently returned to IRS)