**Thomas James PONCHIK, a/k/a Thomas John Shallan, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Revenue Agent R. Wallin and Revenue Agent K. Cederholm, Appellees.**

No. 87–5034.

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1988.

Decided Aug. 31, 1988.

James C. Whelpley, Roseville, Minn., for appellant.

Doris Coles, Arlington, Va., for appellees.

Before JOHN R. GIBSON, Circuit Judge, PECK * and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Thomas James Ponchik challenges the district court's order dismissing his complaint seeking redetermination of an income tax deficiency. The district court concluded that it lacked subject matter jurisdiction pursuant to the anti-injunction provision of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a). For reasons to be stated, we reverse and remand.

At the time that Ponchik's income tax returns for the 1980, 1981 and 1982 tax years were filed, he was incarcerated in a federal prison in Minnesota. Each of the returns was prepared and filed by Ponchik's father, who resided in Milwaukee.

* The Honorable John W. Peck, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

On the returns, Ponchik's father listed his address in Milwaukee as Ponchik's return address. Each year, after Ponchik failed to pay the amount shown as due on the returns, the IRS assessed various penalties against him and mailed notices of assessment and demand to the Milwaukee address.

During this same period, the IRS conducted an office audit of Ponchik's 1980 return and determined a deficiency in the amount of $24,169.01 as a result of the sale of a home owned by Ponchik. Notice of deficiency was sent to the Milwaukee address in August, 1983. When Ponchik failed to petition the tax court within ninety days for a redetermination, as provided in 26 U.S.C. § 6213(a), the IRS assessed a deficiency as provided in § 6213(c) and mailed an assessment and demand for payment of approximately $45,000.00 including the audit deficiency, the unpaid amounts shown as due on Ponchik's 1980, 1981 and 1982 returns, interest, penalties and costs, to the Milwaukee address. Ponchik failed to respond, and on August 4, 1984 the IRS served a notice of levy upon the purchaser of Ponchik's home, who had been making monthly installment payments to Ponchik. Since August 20, 1984 these payments, each in the amount of $447.56, have been collected by the IRS in an attempt to satisfy Ponchik's tax debt.

In April, 1986 Ponchik instituted this action in federal district court seeking a redetermination of his tax liability and an order enjoining the collection activities of the IRS. In his complaint, Ponchik alleged that he did not receive notice of the unpaid tax assessments until January, 1985 and that he immediately contacted an IRS agent who denied his request that the audit of his 1980 return be reopened. Ponchik alleged that the deficiency levied against him was improper because he held only a one-half interest in the house and because the property was sold on a payment plan with no realization of actual gain in 1980. The Commissioner of Internal Revenue (Commissioner) moved to dismiss, asserting that pursuant to 26 U.S.C. § 7421(a), the anti-injunction provision of the Internal Revenue Code, the district court lacked subject matter jurisdiction.

The district court determined that no statutory or judicial exception to § 7421 applied to Ponchik's suit, and dismissed the action. This appeal followed. Ponchik challenges the district court's order only insofar as it applies to the deficiency assessed after the 1980 audit. He does not seek redetermination of liability for the amounts shown as owing on his 1980, 1981 and 1982 returns.

Title 26 U.S.C. § 7421(a) provides that unless certain exceptions are applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." In certain circumstances, however, the Internal Revenue Code permits the issuance of an injunction notwithstanding § 7421(a). The statutory exceptions germane in the present case are 26 U.S.C. §§ 6212(a) and 6213(a). Pursuant to these sections, the Commissioner is required to mail a notice of deficiency to the taxpayer ninety days before collection activities may be initiated. During this ninety-day period, the taxpayer may petition the Tax Court for a prepayment redetermination of the deficiency. Notice is sufficient for purposes of § 6212(a) if mailed to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1). Section 6213(a) permits a suit to enjoin the assessment or collection of a tax if the notice requirements of § 6212(a) were not complied with.

■ In the present case, the district court concluded that the Commissioner complied with § 6212(a) by mailing the notice of deficiency to Ponchik's father's address. We agree.

■ A taxpayer's "last known address" is that "address where the Commissioner reasonably believed the taxpayer wished to be reached." *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976). "The address on the taxpayer's *most recent* return will ... ordinarily be the taxpayer's last known address unless further 'clear and concise' notice is provided to the IRS subsequent to the most recent return." *Cyclone Drilling, Inc. v. Kelley,* 769 F.2d 662, 664 (10th

Cir.1985) (emphasis in original). The taxpayer bears the burden of establishing that the Commissioner failed to use reasonable diligence in ascertaining the taxpayer's last known address. *Id.*

After reviewing the record in light of these principles, we conclude that Ponchik's father's address was Ponchik's last known address for purposes of § 6212(a). Initially, we note that this was the address given on Ponchik's most recent return. In addition, the IRS audit report indicates that during the course of the audit, the auditing agent communicated with Ponchik through the Milwaukee address. Although it may be strange that the IRS, as a branch of the federal government, did not have knowledge that Ponchik was incarcerated in a federal prison, Ponchik never notified the IRS of a change of address. In these circumstances, we conclude that the district court did not err in holding the statutory exception inapplicable.

■ We reach a contrary conclusion, however, with respect to the judicial exception to § 7421(a). This exception was formulated by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). There, the Court stated:

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner, the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the government ultimately prevail, the central purpose of the Act is inapplicable and, ... the attempted collection may be enjoined if equity jurisdiction otherwise exists.

In order to establish a claim for injunctive relief under this doctrine, the taxpayer must show that (1) under the most liberal view of the law and the facts available to the government at the time of the suit, it is apparent that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injury will occur for which

there is no adequate remedy at law. *Id.* at 6–7, 82 S.Ct. at 1128–29; *Hansen v. United States*, 744 F.2d 658, 660 (8th Cir.1984). Unless both of these prerequisites are satisfied, "a suit for preventative injunctive relief must be dismissed." *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 742, 94 S.Ct. 2038, 2048, 40 L.Ed.2d 496 (1974)).

■ Ponchik argues that the Commissioner refused to respond to his request for discovery, thereby impairing his ability to demonstrate that the government could not prevail on the merits. *See Commissioner v. Shapiro*, 424 U.S. 614, 627–32, 96 S.Ct. 1062, 1070–73, 47 L.Ed.2d 278 (1976) (district court erred in dismissing taxpayer's action under 26 U.S.C. 7421(a) where government failed to provide information concerning the factual basis for its assessment). Ponchik additionally asserts that the government cannot prevail because (1) no gain had been realized in 1980 on the sale of the home; (2) the government erroneously taxed him for all of the potential gain despite the fact that he held only a one-half interest in the home; and (3) there was no basis for an immediate assessment based on the total sale price of the home because the payments were to be made over a period of years. With regard to the second prong of the *Williams Packing* exception, Ponchik maintains that the IRS's collection of the amounts due on the sale of the home irreparably harms his daughter by depriving her of support payments which would otherwise be submitted to her through the monthly installments, and that he does not have the funds to pay the entire assessment and then seek a refund. In addition, Ponchik argues that he was provided no adequate remedy at law because he never received the ninety-day notice and opportunity to petition for a redetermination as provided in 26 U.S.C. § 6212(a).

At the outset, we agree with the district court that Ponchik's reliance upon *Commissioner v. Shapiro*, 424 U.S. 614, 96 S.Ct. 1062, is misplaced. The record re-

flects that the Commissioner responded to Ponchik's discovery requests, at least in substantial part, and that the factual basis for the IRS's assessment was sufficiently, though perhaps not pellucidly, disclosed.

■ Nevertheless, we conclude after examining the materials contained in appellees' supplemental brief [1] that Ponchik has satisfied his burden of proving that the IRS cannot prevail upon its claim. The audit file reflects that in 1980 Ponchik filed with his income tax return a Schedule D indicating that he sold the house (the sale of which constitutes a major portion of the 1980 deficiency assessment) for $129,-000.00; that he purchased the home in 1976 for $72,000.00; and that he paid $9,030.00 to a realtor and incurred $7,155.00 in improvements and $323.00 in expenses in connection with the sale of the home. After subtracting these items from the purchase price, Ponchik divided this figure in half in accordance with his assertion that he held only a one-half interest in the home (the other half of which was held by his ex-wife). Ponchik then reduced the remaining figure by sixty per cent, as provided in I.R.C. §§ 1202 (repealed 1986), 1222(11), yielding a net capital gain of $8,098.00.

Thereafter, the IRS requested Ponchik to produce the closing statements from the purchase and the sale of the house, and a copy of his ex-wife's 1980 income tax return. Ponchik supplied the closing statement from the sale and an itemized listing of the amount he paid to purchase the home and costs incurred in connection with its sale. The IRS nevertheless calculated Ponchik's net gain on the sale by merely reducing the 1980 sale price by the sixty per cent capital gain deduction without adjusting for Ponchik's basis in the property, the costs incurred in connection with the

sale, or Ponchik's allegation that he held only a one-half interest.

We find in the audit file several facts revealing that the IRS cannot prevail on its claim for the amount assessed. Initially, there is nothing in the record contradicting Ponchik's itemization of the amount he paid for the home and the expenses incurred in connection with its sale. While the taxpayer may have the initial burden of showing his cost and expense basis, the government does not contend that Ponchik had no basis and is not free to disregard completely the uncontroverted figures he supplied. *See Cohan v. Commissioner*, 39 F.2d 540, 544 (2d Cir.1930) (if a taxpayer establishes entitlement to some deduction, but is unable to establish the full amount claimed, it is improper to deny the deduction in its entirety; rather, the deduction should be estimated as closely as possible); [2] *see also Helvering v. Taylor*, 293 U.S. 507, 514–15, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935) (where a taxpayer has met his burden of showing that the IRS's assessment is excessive, it will not be enforced even though the taxpayer has not shown the correct amount of the assessment).

The government is in an untenable position, particularly with respect to sale expenses. As stated, Ponchik was asked to supply a closing statement reflecting the sale. He did so. That statement reflects without contradiction the payment of a brokerage fee of $9,030.00 along with other closing costs, and indeed shows, consistent with Ponchik's theory of payment to his spouse, issuance of two net checks to sellers in the respective amounts of $29,806.07 and $29,806.06. The IRS disregarded Ponchik's assertion that he owned only a one-half interest in the house despite this evidence, and despite the obvious difficulties Ponchik, as a federal prisoner, would have

1. At oral argument the author of this opinion raised the question whether Ponchik's prison address was disclosed at any time during the audit of his 1980 tax return. In response to that question, the government requested and was granted opportunity to file a supplemental brief. A copy of the IRS audit file was attached as an appendix to the supplemental brief and that file is relied upon by the government.

2. *Cohan* concerned travel and entertainment expenses, and in that area has been legislatively overruled. *See* I.R.C. § 274(a). The rule enunciated in *Cohan*, however, has been held to survive when applied generally in areas where not legislatively superseded. *See, e.g., Ellis Banking Corp. v. Commissioner*, 688 F.2d 1376, 1383 & n. 12 (11th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1388 (1983).

in obtaining a copy of his ex-wife's 1980 tax return.[3] In sum, we find inadequate support for the IRS's assessment, which its own audit file clearly shows is in error.

■ Furthermore, we believe Ponchik has established the propriety of equitable relief. Ponchik alleges that he is incarcerated and earns only eleven cents per hour, and that the IRS's collection activities deprive his minor daughter of support. In these circumstances, we conclude that the remedy of a refund suit, although legally available to Ponchik, is inadequate, and that an injunction is necessary to prevent irreparable harm. *See Commissioner v. Shapiro*, 424 U.S. at 633, 96 S.Ct. at 1062 (appellate court properly found irreparable injury where, at the time of its decision, taxpayer had been deprived by the IRS's levies of the money needed to post bail and avoid incarceration in Israel); *Willits v. Richardson*, 497 F.2d 240, 246 (5th Cir. 1974) (although the case was remanded for the production of additional evidence, on the record before the appellate court taxpayer was stated to have established her entitlement to injunctive relief where she alleged that the seizure of her property, based upon an improper assessment, denied her of means to support herself and her children).

We do not undertake here and now to say how much the taxpayer owes the IRS. It may well be true that the entire gain on the sale of the Ponchik residence is taxable to Ponchik. But, as indicated, it is clear from the files of IRS that he has been assessed on the basis of a gain that cannot be supported, and that absent an appropriate injunctive order irreparable harm may be suffered.

Accordingly, we reverse the district court's order dismissing Ponchik's suit under the anti-injunction act and remand for further proceedings, including appropriate protective injunctive relief, not inconsistent with this opinion.

**3.** In the course of the proceedings, the IRS refused Ponchik's request that it provide a copy of the spousal return and evidently never looked at

its own files to determine whether Ponchik's ex-wife had in fact reported and paid taxes on the sale.