LESLIE J. CANTU, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cantu v. Commissioner
Docket No. 23695-88
United States Tax Court
T.C. Memo 1990-354; 1990 Tax Ct. Memo LEXIS 366; 60 T.C.M. (CCH) 115; T.C.M. (RIA) 90354; July 11, 1990, Filed Donald Del Grande, for the petitioner. Dale A. Zusi, for the respondent. RUWE, Judge. RUWE
MEMORANDUM OPINION This case is before the Court on cross-motions to dismiss for lack of jurisdiction as to taxable years 1985 and 1986. The sole issue presented by the cross-motions is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section 6212(b). *367 [1]
The parties submitted this case fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Hayward, California. Petitioner did not file income tax returns for the calendar years 1985 and 1986. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
Sec. 6661
1985
$ 13,817
$  6,908 *
$   790
$ 3,454
1986
35,815
26,861 **
1,731
8,954
*368 A statutory notice of deficiency, reflecting the foregoing determination, was sent to petitioner by certified mail on April 20, 1988. The notice was mailed to P.O. Box 396, Redwood City, CA 94007. The zip code "94007" appearing on the April 20, 1988 notice of deficiency is not a zip code issued by the United States Postal Service to any part of the city of Redwood City, California. A duplicate original of this statutory notice [2] was mailed to 8227 Lan Ark Drive, Stockton, CA 95207 (Stockton address). Prior to mailing the statutory notices, respondent conducted a computer check to verify petitioner's address. *369 The duplicate original statutory notice of deficiency that was mailed to the Stockton address on April 20, 1988, was received by petitioner's mother-in-law who resided at the Stockton address, but was not given to petitioner until September 1, 1988. The petition in this case was filed on September 9, 1988. On April 29, 1988, the statutory notice mailed to P.O. Box 396, Redwood City, CA 94007 was returned to respondent by the United States Postal Service with a notation on the envelope -- "Box Closed - No Order." The United States Postal Service provided respondent with a new address of P.O. Box 396, Redwood City, CA 94064-0396. After the statutory notice was returned by the United States Postal Service, respondent conducted a second computer check to verify petitioner's address. On May 5, 1988, a second statutory notice of deficiency was sent by certified mail to the new address provided by the United States Postal Service. On May 16, 1988, the second statutory notice was returned to respondent by the United States Postal Service with a notation on the envelope -- "Return to Sender Box Closed." In 1982, petitioner and her spouse, Jerry Lee Cantu, established P.O. Box 396, *370 Redwood City, CA 94064 as their regular mailing address. Petitioner notified the Internal Revenue Service of this change of address. In mid-May 1987, petitioner and her children moved to Utah. Petitioner did not notify the Internal Revenue Service of this change of address. On July 15, 1987, petitioner and Jerry Lee Cantu sold their home in Redwood City, California. After selling their house, they continued to receive mail at the Redwood City P.O. Box. On July 14, 1987, petitioner and her children returned to California and lived temporarily with petitioner's mother-in-law at the Stockton address until August 30, 1987. Petitioner notified the Internal Revenue Service of this change of address. In advising the Internal Revenue Service of the Stockton address, petitioner did not indicate that this address was temporary. From August 31, 1987 to January 15, 1988, petitioner and her children lived temporarily with petitioner's grandfather at 37257 Ash Street, Newark, California 94560. Petitioner did not notify the Internal Revenue Service of this change of address. In September or October of 1987, petitioner learned that the Redwood City P.O. Box had been closed by the United *371 States Postal Service for nonpayment of fees. Petitioner did not notify the Internal Revenue Service that the Redwood City P.O. Box had been closed. In December 1987, petitioner instituted an action in state court to dissolve her marriage to Jerry Lee Cantu. On January 15, 1988, petitioner and her children moved to 26989 Tyrrell #5, Hayward, California 94544 (Hayward address). Petitioner and Jerry Lee Cantu were subsequently divorced on September 14, 1988. On April 15, 1988, petitioner filed a Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) for 1987 upon which she listed the Hayward address as her home address. Petitioner did not indicate on the Form 4868 that the Hayward address was a new address or that she wanted the Form 4868 to be considered as notice of her change of address. During the 20th week of 1988 (May 16-20), respondent processed petitioner's Form 4868. At that time, the extended due date for filing the 1987 income tax return was posted to the Internal Revenue Service computer, but in accordance with established procedures at the Internal Revenue Service Fresno Service Center, the address shown on the Form 4868 *372 was not posted. On April 25, 1988, petitioner filed a 1987 Form 1040 on which she listed the Hayward address as her home address. During the 21st week of 1988 (May 23-27), respondent processed petitioner's 1987 Form 1040. At that time, the Hayward address was posted to the Internal Revenue Service computer. Petitioner's motion is premised upon respondent's alleged failure to mail the notice of deficiency to her at her last known address which she claims was the Hayward address. Respondent asserts that the Court lacks jurisdiction because the petition was not filed within the time prescribed by section 6213(a). It is well established that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Ward v. Commissioner, 92 T.C. 949, 955 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. [3]Sec. 6212(a) *373 and (b)(1). Actual receipt of a statutory notice is immaterial if, in fact, it was mailed to the taxpayer's last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984), revg. and remanding a Memorandum Opinion of this Court; United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982); United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976); Monge v. Commissioner, supra at 33-34; Frieling v. Commissioner, 81 T.C. 42, 52 (1983). *374 While respondent must exercise reasonable diligence in ascertaining a taxpayer's correct address, there is a presumption that the address appearing on a taxpayer's most recently filed return is the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. King v. Commissioner, 857 F.2d at 679-680; Ponchik v. Commissioner, 854 F.2d 1127, 1129 (8th Cir. 1988); Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985); Wallin v. Commissioner, 744 F.2d at 676; United States v. Zolla, supra at 810; Monge v. Commissioner, supra at 28; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In construing the phrase "last known address," courts have focused on the Commissioner's knowledge at the time the notice of deficiency was mailed, rather than on what in fact may have been the taxpayer's actual address. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, 78 T.C. 215, 218-219 (1982); *375 Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Petitioner bears the burden of proving that the notice of deficiency was not mailed to her last known address. Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Rule 142(a). We have held that there can be only one last known address within the meaning of section 6212(b) with respect to any one taxpayer on the date that a notice of deficiency is issued. Abeles v. Commissioner, supra at 1030. As of April 20, 1988, petitioner's last known address was 8227 Lan Ark Drive, Stockton, California 95207. Petitioner moved to this address in July 1987 and notified respondent that this was her new address. *376 Petitioner provided respondent with no further clear and concise notice of a change in her address prior to the time that respondent mailed the duplicate original of the notice of deficiency. Petitioner did not give notice of her change to the Hayward address until she filed a 1987 Form 1040 on April 25, 1988 on which she reported the Hayward address. Petitioner's argument that respondent failed to mail the notice of deficiency to her last known address is based solely on the fact that respondent was provided with the Hayward address on April 15, 1988, when petitioner filed the Form 4868 showing that address. In Monge v. Commissioner, supra at 31-32, we held that a Form 4868 that does not specifically indicate an address change does not constitute notice to respondent of a change of address for purposes of determining a taxpayer's last known address. Petitioner acknowledges our holding in Monge, but argues that respondent should bear the burden of advising taxpayers that addresses appearing on Forms 4868 are not recorded unless the taxpayer indicates on the form *377 that a new address is being used. Petitioner goes on to argue that respondent should place "an interrogatory on the [Form 4868] inquiring of the taxpayer whether the address is a new address." Our decision in Monge was based, in part, on our reluctance to upset the balance between the administrative burdens imposed on respondent and the interests of taxpayers in obtaining actual notice of respondent's determinations. Monge v. Commissioner, supra at 32. For the same reason, we do not believe it is appropriate for us to require respondent to include specific interrogatories in any one or more of the myriad Internal Revenue forms regarding a taxpayer's change of address.[4] If petitioner had wanted respondent to use the Hayward address prior to filing her 1989 return, it would have been a simple matter to specifically communicate to respondent that she was changing to the new address and that the old address was no longer to be used. See King v. Commissioner, supra at 681. *378 We conclude that the notice of deficiency covering the taxable years 1985 and 1986 was mailed to petitioner's last known address. In light of petitioner's failure to file a timely petition, respondent's motion to dismiss for lack of jurisdiction is granted, and petitioner's motion to dismiss for lack of jurisdiction is denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest due on $ 13,817. ↩
**. Plus 50 percent of the interest due on $ 35,815.↩
2. A "duplicate original" statutory notice of deficiency is a notice of deficiency within the meaning of section 6212. See Teitelbaum v. Commissioner, 40 T.C. 223, 226 (1963); see also Marshall v. Commissioner, T.C. Memo. 1986-582. In situations where there is substantial doubt about a taxpayer's last known address, it is prudent for respondent to mail notices to the various possibilities. See Reding v. Commissioner, T.C. Memo. 1990-278↩.
3. In addition to certified or registered mail, respondent may use regular mail, hand delivery, and/or actual communication. Such methods, however, must provide the taxpayer with actual notice of respondent's determination to be sufficient under section 6212. See McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), affd. 886 F.2d 1237↩ (9th Cir. 1989).
4. Although it has no bearing on the result in this case, we note that respondent recently set forth procedures for reporting a change of address to the Internal Revenue Service. Rev. Proc. 90-18, 1990-13 I.R.B. 19↩.