TIMOTHY P. AND MARY K. GRENCEWICZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grencewicz v. Commissioner
Docket No. 24065-89.
United States Tax Court
T.C. Memo 1990-597; 1990 Tax Ct. Memo LEXIS 664; 60 T.C.M. (CCH) 1300; T.C.M. (RIA) 90597; November 21, 1990, Filed John N. Moore, for the petitioners. Dawn Krause, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181 and 182. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *665 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to the taxable years 1985 and 1986. The sole issue presented is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b). The notice of deficiency was mailed on March 31, 1989, to petitioners at 279 Bittersweet Road, Bath, Ohio, (hereinafter the Bath address). The petition in this matter was filed on October 2, 1989, at which time petitioners resided at 119 Tom Taylor Road, Toano, Virginia, (hereafter the Toano address). A copy of the March 31, 1989, notice of deficiency was mailed to petitioners at the Toano address on July 10, 1989. Petitioners' Federal income tax returns for 1985, 1986, and 1987 indicated the Bath address. In addition, under date of December 21, 1988, a request for an extension of the statute of limitations for 1985 was mailed to petitioners at the Bath address. The executed forms, showing the Bath address, were received by the Internal Revenue Service from petitioners on March 20, 1989. In the meantime, the deficiency notice had *666 already been prepared for mailing. As of the date of mailing, on March 31, 1989, the last address shown in the IRS computer was the Bath address. Prior to the mailing of the notice of deficiency, petitioners had, however, apparently moved to the Toano address. They never so advised the Internal Revenue Service, even though it was apparent from the consent form sent them that an audit was in progress. They did, however, file their 1988 Federal tax return from the Toano address. This change of address was noted in the IRS computer in May of 1989, sometime after the March 31, 1989, notice of deficiency was mailed to the Bath address. The notice of deficiency was returned to the IRS on April 11, 1989, marked "moved not forwardable." On April 14, 1989, the IRS examining agent again checked the computer for an address, but Bath was still the address shown. Petitioners contend that there were several filings available to the IRS which indicated to it a change of address. Thus, sometime prior to January 31, 1989, the following documents were filed with the IRS by third parties: (1) Nationwide Life Insurance Company filed an interim statement listing interest earned by petitioners, *667 it contained petitioner's social security number and the Toano address; (2) Dollar Bank filed a year-end interest statement, it contained the social security number and the Toano address; (3) Swiss American Securities Inc. filed a substitute 1099 showing the social security number and the Toano address; (4) Approved Statewide Title Agency, Inc., filed a 1099-S showing petitioner's social security number and the Toano address; and (5) lastly, petitioners note that on March 12, 1989, Mechanical Resources, Inc., a subchapter S corporation of which petitioner Timothy Grencewicz owned 50 percent, filed its 1987 Form 1120S return with the IRS, along with a Schedule K-1 for petitioner Timothy Grencewicz, indicating his social security number and the Toano address. Further, petitioners contend that the examining agent failed in his duty to petitioners by not checking the IRS computer for petitioners' address on a regular basis after the notice was returned until the new address appeared. In fact, the agent did recheck the computer for a new address about July 7, 1989, did locate the Toano address, and then sent a copy of the notice of deficiency to petitioners at that address. That date, *668 however, was after the 90-day period allowed for a petition to this Court had expired. If there was a failure of duty, it was on the part of petitioners who executed the consent received by the IRS March 20, 1989, indicating the Bath address even though they had apparently changed to the Toano address. It is long and well established that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. [2] Sec. 6212(a) and (b)(1). Actual receipt of a deficiency notice is immaterial if, in fact, it was mailed to the taxpayer's last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984), revg. and remanding a Memorandum Opinion of this *669 Court; Frieling v. Commissioner, 81 T.C. 42, 52 (1983). While respondent must exercise reasonable diligence in ascertaining a taxpayer's current address, there is a presumption that the address appearing on a taxpayer's most recently filed return is the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. King v. Commissioner, 857 F.2d at 679-680 (9th Cir. 1988); Ponchik v. Commissioner, 854 F.2d 1127, 1129 (8th Cir. 1988); Monge v. Commissioner, supra at 28; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In construing the phrase "last known address," courts *670 have focused on the Commissioner's knowledge at the time the notice of deficiency was mailed, rather than on what in fact may have been the taxpayer's actual address. Pyo v. Commissioner, supra at 633; Brown v. Commissioner, 78 T.C. 215, 218-219 (1982); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). Petitioners bear the burden of proving that the notice of deficiency was not mailed to their last known address. Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Rule 142(a). It is clear that petitioners' last known address was the Bath address. Further, we note that they apparently notified various entities paying them interest and other sources of funds of their correct address but failed to so advise the IRS even though they were aware of the fact that an audit was in process. Petitioners never indicated to respondent that they wished to use a different address. Further, we are unwilling to place upon respondent the burden of reviewing the mass of information returns *671 he receives from third parties on a regular basis in order to update the addresses shown on the computer. While the financial information shown on such information returns is transcribed to the taxpayer's account, they have never been used for purposes of updating addresses. Further, we would consider it inappropriate to require respondent to change addresses based upon information provided by unrelated third parties. Our decision, as in Monge v. Commissioner, supra, is based, in part, on our reluctance to upset the balance between the administrative burdens imposed on respondent and the interests of taxpayers in obtaining actual notice of respondent's determinations. Monge v. Commissioner, supra at 32. See also Cantu v. Commissioner, T.C. Memo 1990-354. If petitioners wished respondent to use the Toano address, it would have been a simple matter for them to so advise respondent that they had changed addresses; they were able to do that successfully with the entities preparing information returns for them. Further, they were aware that there was an ongoing audit and they continued to provide respondent with the Bath address *672 in connection with the consent forms which were returned by them shortly before the deficiency notice was mailed. The notice of deficiency covering 1985 and 1986 was mailed to petitioners' last known address. Their petition was filed in an untimely manner, and accordingly, respondent's motion to dismiss for lack of jurisdiction is granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent may also use regular mail, hand delivery, and or actual communication if such methods provide the taxpayer with actual notice of respondent's determination. See McKay v. 89 T.C. 1063, 1069 n. 7 (1987), affd. 886 F.2d 1237↩ (9th Cir. 1989).