DAVID B. BLEAVINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bleavins v. Commissioner
Docket No. 19353-90
United States Tax Court
T.C. Memo 1991-221; 1991 Tax Ct. Memo LEXIS 243; 61 T.C.M. (CCH) 2643; T.C.M. (RIA) 91221; May 21, 1991, Filed *243 An order of dismissal will be entered. Bradford E. Henschel, for the petitioner. Ronald M. Rosen, for the respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the grounds of an untimely filed petition. Petitioner objects to respondent's motion on the grounds that the notice of deficiency was not sent to petitioner's last known address, and asks this Court to take jurisdiction based upon Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), *244 revg. and remanding a Memorandum Opinion of this Court. Petitioner has also filed a motion for Injunction of Tax Collection, which includes petitioner's notice of the "misconduct of counsel for respondent," as well as seeking sanctions for such conduct under Rule 11 of the Federal Rules of Civil Procedure. Respondent has moved to impose a penalty under section 6673(a). On August 2, 1989, respondent mailed duplicate notices of deficiency to petitioner for the taxable years 1982 through 1986. One notice of deficiency was addressed to 4945 E. Melwood Avenue, Decatur, Illinois 62521, while the other notice of deficiency was addressed to 4945 Melwood Avenue, Decatur, Illinois 62521. (The term "Illinois address" refers to either address.) The petition was filed on August 28, 1990. While the record does not contain a copy of either notice of deficiency, certified transcripts of petitioner's tax accounts, dated November 30, 1990, for 1982 through 1986 reflect assessments made on February 5, 1990, of deficiencies for the years 1982 through 1986 in the amounts of $ 11,031, $ 12,341, $ 27,867, $ 2,529, and $ 7,602, respectively, plus various additions to tax for negligence, delinquency, *245 estimated tax, and "miscellaneous." Petitioner alleges that he moved to California in 1986 and that his address on the date of the mailing of the notice of deficiency was 1341 Ocean Avenue, #324, Santa Monica, California 90401 (the California address). In support of his contention that the notices of deficiency were not mailed to his last known address, petitioner has submitted various Forms 1099 for 1988 and 1989, all showing the California address. The Court received in evidence copies of Forms 1040 prepared for petitioner for the taxable years 1987, 1988, and 1989. These documents, which show the California address, were retained copies from petitioner's counsel's files. The 1987 copy bears petitioner's signature, which was crossed out, and a date of "10/15." Neither the 1988 nor the 1989 copies bore any signature or date. Petitioner testified that he filed the 1987 return late, but does not remember exactly when. He also testified that he filed the 1988 and 1989 returns. The 1987 return shows gross income of $ 914. If accurate, petitioner had no obligation for filing a return for 1987. The 1988 return shows a tax liability of $ 596, while the 1989 return shows a tax *246 liability of $ 517. However, petitioner was unable to furnish evidence as to how and when he paid those income taxes to support his contention that those returns were filed. The certified transcripts reflect that petitioner filed his tax return for 1981 on or about June 14, 1982, and that the address shown thereon was 280 Lisa Drive, Decatur, Illinois 62526. Those transcripts also show that, as of November 30, 1990, petitioner had not filed tax returns for 1982 through 1989. We are satisfied that respondent's certified transcripts are accurate and conclude that, as of August 2, 1989, petitioner's most recently filed return was the 1981 return. The only evidence of communication between petitioner and respondent between the time of the filing of the 1981 return and the time of the mailing of the notice of deficiency is as follows: 1) On March 5, 1986, a special agent of respondent wrote a letter to petitioner informing him that he was under investigation for the taxable years 1982, 1983, and 1984. The letter was addressed to petitioner at 425 North Oakhurst Drive, Apt. 203, Beverly Hills, California 90210. 2) In a letter dated April 11, 1986, petitioner responded to the *247 special agent's letter. The letter showed petitioner's typed name, as well as his signature, and the Illinois address. The letter was sent by certified mail in an envelope which showed the Illinois address as the return address, and was postmarked Decatur, Illinois. 3) By letter dated April 18, 1986, petitioner again wrote to the special agent in a letter which raised various tax protestor arguments. The letter showed the petitioner's typed name and the Illinois address. The envelope showed the Illinois return address, was sent by certified mail, and was postmarked Decatur, Illinois. 4) On May 8, 1989, petitioner wrote to a Ms. Mildred Caldwell of the Internal Revenue Service in Decatur, Illinois, responding to "your form letter of April 17, 1989." That letter also showed petitioner's typed name, as well as his signature, and reflected the Illinois address. A copy of the envelope attached to the letter appears to bear a postmark from Springfield, Illinois.
The notices of deficiency were sent to the Illinois address by certified mail, return receipt requested. The Illinois address is the home of petitioner's brother and sister-in-law. The record includes copies of *248 signature cards for the certified mailings of the notices of deficiency, reflecting that someone signed the name Cindy Bleavins on each of the green return receipt cards. Petitioner acknowledged that Cindy or Cynthia is the name of his sister-in-law. On the basis of all the above facts, respondent contends that the notice of deficiency was properly mailed to petitioner's last known address. Nevertheless, respondent contends that, even if the notices of deficiency were not mailed to petitioner's last known address, petitioner did, in fact, receive actual notice of the notices of deficiency within sufficient time to file a timely petition with this Court. Therefore, he concludes, the notices of deficiency were valid and this Court lacks jurisdiction to redetermine the deficiencies. In support thereof, respondent submitted three documents. The first document is a letter entitled Freedom of Information Request, from petitioner to an Internal Revenue Service disclosure officer in Springfield, Illinois. That letter is dated September 25, 1989, and contains the following sentence: "Please send me certified copies of the Delegation Order of Authority that authorized Ms. Mildred Caldwell *249 of the Decatur, IL. branch of the Internal Revenue Service authority to collect information and compute figures relating to this Requestor, David B. Bleavins, for the years 1982, 1983, 1984, 1985, and 1986." The letter enclosed a copy of petitioner's Illinois driver's license reflecting petitioner's photograph, the Illinois address, and an expiration date of October 30, 1991. The license reflects that it was issued on November 20, 1987. The second document reflects that, on October 13, 1989, the disclosure officer responded to petitioner by letter addressed to the Illinois address. The disclosure officer complied with petitioner's request and requested remittance of $ 2.60. In the third document, on November 7, 1989, petitioner sent a note to the disclosure officer which stated, "Thank you for your help concerning my recent F.O.I.A. request. Sincerely, David Bleavins." That note was in an envelope bearing the Illinois address and was postmarked from Chicago, Illinois, on November 7, 1989. The first two communications occurred within the 90-day period, ending October 31, 1989, following the issuance of the notices of deficiency. [2]
*250 It is well settled that to maintain an action in this Court there must be a valid statutory notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency has been issued if it has been mailed to the taxpayer's last known address by certified or registered mail. Actual receipt of the notice of deficiency is not required if it was mailed to the last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). The definition of "last known address" is not contained in either the Internal Revenue Code or the regulations. This Court has determined the phrase to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner, 78 T.C. 215, 218 (1982). *251 The address that respondent uses must be one in which he reasonably believed the taxpayer wanted the notice to be sent in light of all the surrounding facts and circumstances. Monge v. Commissioner, 93 T.C. 22, 27-28 (1989); Pyo v. Commissioner, supra at 633; Brown v. Commissioner, supra at 218-219; Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). In general, that address will be the address reflected on the taxpayer's most recently filed return, absent clear and concise notification of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). Once respondent becomes aware of an address other than the one on a taxpayer's most recently filed return, respondent must exercise reasonable care and due diligence in ascertaining the correct address. Whether respondent has done so is a question of fact. Pyo v. Commissioner, supra at 633. Although respondent must exercise reasonable *252 diligence in ascertaining the taxpayer's correct address, the burden necessarily falls upon the taxpayer to keep respondent informed of his or her correct address. Alta Sierra Vista, Inc. v. Commissioner, supra at 374; Ramirez v. Commissioner, 87 T.C. 643, 650 (1986). As we have stated, "when a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences * * *". Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Respondent determined that the use of the address shown on the 1981 return was not reliable. There had been communication with petitioner in Beverly Hills, during March, 1986. Respondent's files, however, showed subsequent communications with petitioner at the Illinois address. Petitioner did not formally notify respondent of any change of address. Accordingly, respondent used the Illinois address in issuing the notice of deficiency. We conclude that respondent exercised reasonable diligence in determining petitioner's last known address, and that the notice of deficiency was, in fact, mailed to petitioner's last known address. Petitioner *253 relies upon filed Forms 1099 submitted by third parties to establish his California address. [3] Petitioner's counsel has cited us to no case authority which provides that Forms 1099 submitted to respondent by third parties provide clear and concise notice to respondent of a taxpayer's change of address. Although it has been held that resort to such third party information might be of assistance when respondent is aware that the address being used is incorrect, e.g., Armstrong v. Commissioner, T.C. Memo 1990-191, in the instant case respondent had no reason to search beyond the Illinois address. Respondent's computer records only showed the 1981 return address, which respondent reasonably concluded was correct. Respondent's files reflected that the most recent communication with petitioner was at the Illinois address. Petitioner himself had used this address several times and clearly had received mail at that address. Respondent had no reason to search further. *254 Moreover, we are not persuaded by petitioner that he did not, in fact, receive the notices of deficiency. It is well established that a taxpayer invokes the jurisdiction of this Court by filing a petition with the Court within 90 days after respondent mails the taxpayer a notice of deficiency. Sec. 6213(a); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). A valid notice of deficiency and a timely petition are essential to our jurisdiction, and we must dismiss any case in which one or the other is not present. Monge v. Commissioner, supra at 27; Pyo v. Commissioner, supra at 632. Under the "safe harbor" provision of section 6212(b)(1), a notice of deficiency will be deemed valid, even if the taxpayer never receives it, if respondent mails the notice by registered or certified mail to the taxpayer's "last known address" within the period of assessment. However, where the deficiency notice is not mailed to the last known address, it is nevertheless valid from the date of its mailing if the taxpayer receives it with sufficient time remaining *255 to prepare and file a timely petition. Clodfelter v. Commissioner, 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Looper v. Commissioner, 73 T.C. 690, 697 (1980); Brzezinski v. Commissioner, 23 T.C. 192, 195 (1954). "Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme." Mulvania v. Commissioner, supra at 68. Notwithstanding petitioner's contention that he did not get along with his sister-in-law, (thus possibly explaining why he never received the notices of deficiency) we believe it is far more than coincidence that petitioner asked the disclosure officer for information concerning the years covered by the notices of deficiency and respondent's authority for determining tax liabilities with regard thereto. It is further significant that petitioner, immediately upon receiving the information (addressed to the Illinois address), responded and thanked the disclosure officer. Interestingly enough, petitioner contended throughout the hearing *256 on this motion that he has never seen a copy of these notices of deficiency. Nevertheless, the petition contains the following statement: "The IRS mailed the 90-day Notice to the wrong address when I lived in California and they knew it." How would petitioner have known the address to which the notices of deficiency were sent at the time he filed his petition if he had not seen them? The first sentence of the preprinted petition requests the taxpayer to identify the date of the notice of deficiency. Petitioner inserted therein "Unknown or August 1989." He further indicated in the petition that the notice was issued by the Office of the Internal Revenue Service at 320 West Washington Street, Springfield, Illinois 62701. Petitioner could not have known all of this information unless he had actually seen the document. We are satisfied that, even if the notice of deficiency had not been mailed to petitioner's last known address, petitioner had actual notice thereof and sufficient time to file a timely petition with this Court. In view of the above, we need not consider petitioner's contention that we are entitled to have jurisdiction of this matter under Wallin v. Commissioner, supra. *257 We hold for respondent and this case will be dismissed for lack of jurisdiction. Section 6213(a) provides: "The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." In view of our conclusion that there has not been a timely petition filed by petitioner for a redetermination of a deficiency, this Court has no jurisdiction to enjoin any action or proceeding regarding the collection of the tax liabilities at issue. Petitioner's motion for injunction will be denied. A review of the allegations by petitioner in regard to his request for sanctions does not reflect that respondent's counsel was acting improperly in recommending collection action to a revenue officer. Accordingly, we deny petitioner's request, without the necessity of discussing whether we have jurisdiction under Rule 11 of the Federal Rules of Civil Procedure. Finally, in the exercise of our discretion we decline to require petitioner to pay a penalty under section 6673 and respondent's motion for a penalty will be *258 denied. To reflect the above, An order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record contains a substantial volume of other correspondence between petitioner and respondent subsequent to the above-described communications, which also showed the Illinois address. From the standpoint of determining petitioner's last known address as of the date of the mailing of the notices of deficiency, or whether petitioner had actual notice in order to timely file a petition, these subsequent communications are all irrelevant.↩
3. We note that the Forms 1099 for 1989 would not have been available to respondent in August of that year.↩