T.C. Memo. 1996-460


UNITED STATES TAX COURT


DOUGLAS JAMES CRAWFORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22057-95.                    Filed October 10, 1996.


Douglas James Crawford, pro se.

Stuart Spielman and Gordon L. Gidlund, for respondent.


MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1] All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Year 1990 and petitioner's Cross-Motion to Dismiss for Lack of Jurisdiction as to the Taxable Year 1990.  Respondent contends that this Court lacks jurisdiction over the taxable year 1990 on the ground that petitioner failed to file his petition within the 90-day period prescribed in section 6213(a).  Petitioner counters that jurisdiction is lacking as to the taxable year 1990 on the ground that respondent failed to issue a valid notice of deficiency under section 6212.  There being no dispute that we lack jurisdiction over the taxable year 1990, we must resolve the parties' dispute respecting the proper ground for dismissal.

Background

On March 3, 1993, respondent mailed a notice to petitioner proposing adjustments to his Federal income tax for 1990.  The notice was mailed to petitioner at 4948 Crystal Drive, San Diego, CA 92109-2062 (the Crystal Drive address).  The Crystal Drive address is the address listed on petitioner's 1990 tax return, which petitioner filed with respondent on April 15, 1991.  On or about March 10, 1993, the envelope bearing the notice was returned to respondent marked "RETURN TO SENDER UNABLE TO FORWARD".

On August 18, 1993, respondent mailed a notice of deficiency to petitioner determining a deficiency of $3,101 in his Federal

income tax for 1990. The notice of deficiency was mailed to petitioner at the Crystal Drive address. The envelope bearing the notice of deficiency was returned to respondent marked "UNABLE TO FORWARD".

According to petitioner, he moved from the Crystal Drive address on approximately September 1, 1991. Petitioner further asserts that he resided at 4875 Santa Cruz Avenue, San Diego, CA 92107 between that date until his move to 4776 Bayard Street, San Diego, CA 92109 (the Bayard Street address) on February 1, 1992. Petitioner notified respondent of his change of address to the Bayard Street address sometime in March 1995. Petitioner filed his tax returns for 1991 and 1993 on July 21, 1995, listing his address as the Bayard Street address. Petitioner did not file a tax return for 1992. Consequently, petitioner's 1990 tax return was the last tax return filed by petitioner prior to the issuance of the notice of deficiency for 1990. Petitioner did not provide respondent with a notice of a new address during the period April 15, 1991, until March 1995.

On August 10, 1995, respondent mailed a notice of deficiency to petitioner determining a deficiency of $3,101 in his Federal income tax for 1992, as well as an addition to tax under section 6651(a) in the amount of $775.25 and an addition to tax under section 6654(a) in the amount of $135.20. The notice of

deficiency for 1992 was mailed to petitioner at the Bayard Street address.

Petitioner provided the Court with copies of Forms 1099R, 1099-DIV, 1099-INT, and W-2 for 1992 reflecting the Bayard Street address. Respondent advised the Court that an underreporter transcript in 1992 reflected four different addresses in California for petitioner, none of which was the Crystal Drive address.

On October 27, 1995, petitioner filed a petition with the Court seeking a redetermination of his tax liabilities for the taxable years 1990 and 1992.[2] The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of October 24, 1995. There is no dispute that the petition was timely filed with respect to the notice of deficiency determining a deficiency in petitioner's tax liability for 1992.

After several months' delay (during which time respondent conducted a search for the administrative file concerning petitioner's 1990 tax year), respondent filed her motion to dismiss for lack of jurisdiction and to strike as to the taxable year 1990 asserting that petitioner failed to file his petition within the 90-day period prescribed in section 6213(a). Petitioner responded by filing his own motion to dismiss for lack

---

[2] At the time of filing the petition herein, petitioner resided in San Diego, California.

of jurisdiction as to the taxable year 1990 alleging that the deficiency notice was not mailed to his correct address. Petitioner subsequently filed a supplement to his motion.

A hearing was conducted in this case in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion to dismiss. During the course of the hearing, counsel for respondent stated that respondent could not demonstrate what, if any, steps were taken to determine petitioner's correct address prior to the mailing of the disputed notice of deficiency in August 1993. Although petitioner did not appear at the hearing, he did file a written statement with the Court pursuant to Rule 50(c) in support of his motion to dismiss.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52

(1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

Respondent mailed the notice of deficiency concerning petitioner's tax liability for 1990 on August 18, 1993.  The petition was postmarked October 24, 1995, and was filed by the Court on October 27, 1995.  Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition with respect to the notice of deficiency for 1990, it follows that we lack jurisdiction over, and will strike, the portions of the petition relating to the 1990 taxable year.  Secs. 6213(a), 7502; Rule 13(a) and (c); see Normac, Inc. v. Commissioner, supra.  The question presented is whether dismissal should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. In this regard, we must decide whether respondent mailed the notice of deficiency in question to petitioner's last known address.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address normally is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. The burden of proving that a notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

The record in this case shows that respondent mailed the notice of deficiency for 1990 to the address appearing on petitioner's most recently filed tax return, and that petitioner failed to provide respondent with clear and concise notice of his change of address prior to the mailing of the disputed notice. However, the Court of Appeals for the Ninth Circuit (the Circuit to which this case is appealable) has held that where the Commissioner is aware prior to issuing a notice of deficiency that the address she intends to use is no longer the taxpayer's correct address, the Commissioner is required to exercise reasonable diligence in attempting to ascertain the taxpayer's correct address. See King v. Commissioner, supra at 681 n.8; Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), revg. and remanding T.C. Memo. 1983-52; Stroud v. Commissioner, T.C. Memo. 1992-666; see also Monge v. Commissioner, supra at 33; Taylor v.

Commissioner, T.C. Memo. 1988-152; Fernandez v. Commissioner,
T.C. Memo. 1987-557.  Whether respondent has exercised reasonable
diligence in this regard depends upon a consideration of all the
facts and circumstances.  King v. Commissioner, supra at 678-679.

In Wallin v. Commissioner, supra, correspondence sent by the
Commissioner to the taxpayer at an address in Alaska shown on the
return for the year at issue was returned as undeliverable with
no forwarding address.  In an effort to obtain the taxpayer's
correct address prior to mailing a notice of deficiency, the
Commissioner subsequently made inquiries at the Anchorage Post
Office and the Alaska State Motor Vehicle Bureau and searched
microfilm records for tax returns filed by Alaskans in 1978 and
1979.  When these steps did not produce a new address for the
taxpayer, the Commissioner mailed the notice of deficiency to the
taxpayer's old address.  Under these circumstances, the Court of
Appeals held that the Commissioner failed to exercise reasonable
diligence in ascertaining the taxpayer's last known address.  In
reaching this conclusion, the Court of Appeals found it
significant that the Commissioner failed to make an adequate
search of Internal Revenue Service computer records for the
taxpayer's correct address.

We conclude that respondent did not exercise due diligence
in ascertaining petitioner's correct address.  In short, the
record shows that respondent was aware prior to issuing the

notice of deficiency to petitioner for 1990 that the address appearing on the petitioner's most recently filed return was no longer petitioner's correct address. However, respondent was unable to demonstrate what, if any, steps were taken to ascertain petitioner's correct address. In the absence of any evidence on the point, we decline to assume, as suggested by counsel for respondent at the hearing on this matter, that respondent's agents complied with Internal Revenue Manual directives and conducted a search of respondent's computer records in an effort to ascertain a more current address for petitioner prior to issuing the disputed notice of deficiency.[3]  See Taylor v. Commissioner, supra.  By sending the notice of deficiency to the Crystal Drive address, knowing that prior correspondence to that address was returned undeliverable (without any evidence in this record of a follow-up check for a current address by agents of respondent), respondent failed to exercise due diligence.

---

[3]  We note that a number of respondent's administrative procedures direct Internal Revenue Service personnel to take various steps, including conducting a computer search, checking the telephone and/or city directory, and contacting the taxpayer's employer or a third party, in an effort to obtain a taxpayer's correct address where current address information is known to be incorrect.  See 2 Audit, Internal Revenue Manual (CCH), secs. 4243.2 (handling of undeliverable mail in the examination function), 4462.1(3), at 7900 (manner of sending notices of deficiency); 3 Audit, Internal Revenue Manual (CCH), sec. 4(14)53, at 9142 (30-day notice returned as undeliverable).

In sum, we conclude that respondent failed to mail the notice of deficiency concerning petitioner's tax liability for 1990 to petitioner's last known address.  Accordingly, we will deny respondent's motion to dismiss and to strike as to the taxable year 1990, and we will grant petitioner's motion to dismiss as to the taxable year 1990, as supplemented, on the ground that the notice of deficiency for that year is invalid under section 6212.

To reflect the foregoing,

<u>An order will be issued denying respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Year 1990 and granting petitioner's Cross-Motion to Dismiss for Lack of Jurisdiction as to the Taxable Year 1990, as Supplemented</u>.